FILED
United States Court of Appeals
Tenth Circuit

July 11, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES JUDGE OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JESUS MANUEL GALLEGOS,

     Defendant - Appellant.

No. 15-2224
(D.C. No. 1:11-CR-02994-WJ-2)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Jesus Manuel Gallegos appeals from a sentence imposed after remand in an earlier appeal. *See United States v. Gallegos*, 610 F. App'x 786 (10th Cir. 2015) (*Gallegos I*). After pleading guilty to one count of kidnapping under 18 U.S.C. § 1201(a)(1) he was originally sentenced to 360 months' imprisonment. As a result of an appeal to this court we vacated the sentence and remanded for clarification as to whether a two-level or four-level sentencing enhancement was appropriate based on

---

[*] After examining counsel's brief, Gallegos's response, and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the severity of the victim's eye injury. On remand, applying the criteria set forth in

18 U.S.C. § 3553(a) the judge again imposed a sentence of 360 months.[1]

Gallegos's appellate counsel[2] filed an *Anders* brief and moved to withdraw

based on his assessment that the appeal presents no non-frivolous issues. *See Anders*

*v. California*, 386 U.S. 738, 744 (1967) (if after a "conscientious examination" of the

record, counsel finds an appeal "wholly frivolous," counsel may move to withdraw

and contemporaneously file "a brief referring to anything in the record that might

arguably support the appeal"). Gallegos filed a pro se response to his counsel's

*Anders* brief in which he requested appointment of new counsel. The government did

not file a brief. We have conducted an independent review of the record in addition

to considering the issues raised in counsel's brief and Gallegos's pro se response.

*See id.* (when counsel files an *Anders* brief, the reviewing judge should examine the

record to determine whether the case is "wholly frivolous"); *accord United States v.*

*Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).[3]

---

[1] At the original sentencing the range under the United States Sentencing
Guidelines (Guidelines) was 360 months to life in prison. At resentencing, the
Guidelines range was computed to be 324 to 405 months. Gallegos does not
challenge the calculation of the latter range.

[2] Appellate counsel was not the same as trial counsel.

[3] In undertaking our independent examination of the record, we have identified
a potential ground for appeal—Gallegos's trial counsel may have been ineffective for
not interposing a contemporaneous objection to the sentence. This ground, however,
is not appropriately brought on direct appeal. "Ineffective assistance of counsel
claims should be brought in collateral proceedings, not on direct appeal." *United*
*States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Thus, "when

(continued)

Counsel's *Anders* brief suggests several arguments Gallegos might possibly make in claiming procedural error. Procedural review addresses "the method by which a sentence was calculated." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). Even so, he concedes that the failure to raise a contemporaneous objection at the sentencing hearing relegates these claims to plain-error review. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013) ("Objections to procedural reasonableness that are not contemporaneously raised . . . are subject to plain error review."). "Under plain error review, the defendant must demonstrate (1) there is error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1226.

The *Anders* brief poses three possible arguments suggesting how the sentence might be considered procedurally unreasonable.[4] First, he claims the sentencing

---

brought on direct appeal, ineffective assistance of counsel claims are presumptively dismissible, and virtually all will be dismissed." *United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) (internal quotations omitted). "[E]ven if the record appears to need no further development, the claim should still be presented first to the district [judge]." *Galloway*, 56 F.3d at 1240. We see no reason to depart from that general rule in this case.

[4] Those arguments are included in Gallegos's pro se response, which also contends the imposition of the same sentence on remand resulted in a substantively unreasonable sentence because if the two-level enhancement had been correctly applied in the first place, he would "undoubtedly" have been sentenced to 324 months. Response, at 5. "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015) (internal quotation marks omitted). Gallegos's speculative

(continued)

3

judge gave the Guidelines no weight because nothing had changed between the original sentencing proceeding—where the judge imposed a sentence at the lowest Guideline level—and the resentencing proceeding—where the judge selected a sentence above the lowest level. Second, he argues that even though the judge and the prosecution recognized a two-level enhancement as appropriate based on the victim's injuries (which was lower than the increase by four levels originally attributed to the injuries), the judge nevertheless again imposed a 360-month sentence. Thus, he contends the judge inappropriately gave more weight to the other § 3553(a) factors than to the Guidelines.[5] Third, he claims the judge's explanation for not imposing a sentence at the low end of the Guidelines range on remand was inadequate.

We find no error. The first two arguments assume the judge was bound by findings made at the original sentencing proceeding, which resulted in a sentence at the low end of the Guidelines range. But "the default in this circuit is de novo resentencing." *United States v. West*, 646 F.3d 745, 750 (10th Cir. 2011). This court in *Gallegos I* did not limit the scope of the remand, so the district judge had discretion to conduct a new sentencing proceeding. *See id.* at 748-50 (discussing the

---

argument about his within-Guidelines sentence being substantively unreasonable is insufficient to rebut the "presumption of substantive reasonableness on appeal," *id.* (internal quotation marks omitted).

[5] According to Counsel's *Anders* brief the district judge did not appear to consider Gallegos's post-sentencing conduct, but it does not describe any such conduct or explain how it could have affected his sentence.

4

scope of resentencing proceedings where the appellate remand did not limit the scope of the remand); *see also Pepper v. United States*, 131 S. Ct. 1229, 1251 (2011) (where appellate court remands for de novo resentencing, the resentencing judge "can reconfigure the sentencing plan to satisfy the [statutory] sentencing factors" (ellipsis and internal quotation marks omitted)).  Gallegos was properly resentenced.

Moreover, the judge adequately explained his reasoning.  "When a district [judge] imposes a within-Guidelines sentence, the [judge] must provide only a general statement of [his] reasons, and need not explicitly refer to either the § 3553(a) factors or respond to every argument for leniency that [he] rejects in arriving at a reasonable sentence."  *United States v. Harry*, 816 F.3d 1268, 1284 (10th Cir. 2016) (brackets and internal quotation marks omitted); *see also Rita v. United States*, 551 U.S. 338, 356-57 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

Here, the judge comprehensively addressed the relevant factors.  He reviewed the circumstances of Gallegos's crime, noting that he and his codefendant had terrorized and abused their victim for several hours, causing the victim legitimately to fear for his life.  Moreover, the injury to the victim's eye was serious, even if it did not meet the Guidelines definition of "permanent or life-threatening bodily injury" as is necessary to warrant a four-level enhancement, *see* U.S.S.G. § 2A4.1(b)(2)(A).  In addition, the judge found the Guidelines offense level not adequate to account for Gallegos's criminal history.  He specifically refuted the possible speculation that the

5

original sentence of 360 months was selected solely because it was at the low end of the Guidelines range, observing that nothing about Gallegos's history and characteristics had changed since the original sentencing proceeding. On resentencing, the judge said a sentence of 360 months was sufficient, but not greater than necessary, to satisfy the sentencing goals to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter criminal conduct, and to protect the public from further crimes by Gallegos. In particular, he highlighted Gallegos's continuing alcohol problem, which contributed to his past violent crimes and probation violations. Consequently, the judge believed that Gallegos was likely to offend again. The judge adequately explained Gallegos's sentence; there was no error, let alone plain error.

Counsel also contends the imposition of the same sentence on remand as the original sentence demonstrates vindictiveness. Gallegos devotes most of his pro se response to this claim, as well. We review this constitutional due-process claim de novo. *See United States v. Heineman*, 767 F.3d 970, 973 (10th Cir. 2014) (stating questions of constitutional law are reviewed de novo); *United States v. Medley*, 476 F.3d 835, 839 (10th Cir. 2007) (recognizing that a claim of vindictiveness implicates due process). "[T]he defendant has the burden 'to prove [that] actual vindictiveness' caused [a] higher sentence and . . . a presumption of vindictiveness arises only in circumstances 'in which there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the

sentencing authority.'" *Medley*, 476 F.3d at 839 (quoting *Alabama v. Smith*, 490 U.S. 794, 799-800 (1989)).

Counsel's *Anders* brief contends the new sentence (based on the Guidelines range) was greater than the original sentence. While the new sentence may have been proportionally greater (because the sentencing range was lower), the actual sentence was no longer than the original.[6] Condign punishment embraces a host of considerations: it is a loose aggregation of factors, not a mathematical equation (except in calculating the Guidelines range). The seriousness of the victim's injuries is relevant, but not solely determinative. When a sentence in the overlap of two Guideline ranges is (as here) adequately explained, we presume it to be reasonable. We perceive no reason to apply a presumption of vindictiveness, particularly in light of the district judge's thorough explanation of the reasons for the sentence. Gallegos does not claim to have evidence of actual vindictiveness; only speculation.

We have considered the potential arguments presented in counsel's *Anders* brief, as well as those raised in Gallegos's pro se response. In addition, we have examined the record to determine whether there are any other claims arguable on their merits. Gallegos's appeal is wholly frivolous. Therefore, we dismiss this

---

[6] In his pro se response Gallegos also claims there is no objective information in the record to justify the increased sentence.

appeal and grant counsel's motion to withdraw. Gallegos's request for appointment of new counsel is denied.

Entered for the Judge


Terrence L. O'Brien
Circuit Judge