FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRICE ASHTON CARTER,

    Defendant - Appellant.

No. 18-8069

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. No. 2:18-CR-00079-ABJ-1)**
_____

Submitted on the briefs:[*]

Ann Marie Taliaferro of Brown, Bradshaw & Moffat, LLP, Salt Lake City, Utah, and Michelle Quist, Salt Lake City, Utah, for Defendant - Appellant.

Mark A. Klaassen, United States Attorney, District of Wyoming, Cheyenne, Wyoming, for Plaintiff - Appellee.

_____

Before **MORITZ**, **McKAY**, and **CARSON**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

**McKAY**, Circuit Judge.

_____

In this appeal, we consider the procedural and substantive reasonableness of a sentence imposed for a firearm offense following application of a guidelines cross-reference, pursuant to U.S.S.G. § 2K2.1(c), to an uncharged drug offense. Concluding that the procedural challenge is not subject to plain-error review and that the substantive challenge is without merit, we affirm the sentence.

## BACKGROUND

In September 2017, law enforcement agents began investigating Defendant Brice Carter's involvement in trafficking drugs and passing counterfeit notes. As part of that investigation, agents conducted a proffer with a confidential informant who had recently been arrested in connection with drug trafficking. The CI informed the agents that he or she had supplied Defendant with drugs for some months and that during that time Defendant had provided the CI with two firearms as partial payment for a quantity of methamphetamine. After executing a search warrant, agents recovered two firearms from the CI's home and identified Defendant's fingerprints on a box in which one of the firearms—a .22 caliber pistol—was stored. Based in part on the CI's proffer, the government filed a criminal complaint against Defendant, and a grand jury returned an indictment against him for one count of possessing a firearm—the .22 caliber pistol—as a felon, in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2), and one count of manufacturing counterfeit notes, in violation of 18 U.S.C. § 471.[1]  Defendant pled guilty to both counts pursuant to a plea agreement.

At sentencing, the presentence investigation report noted the sentencing guideline for the firearm offense calls for application of a cross-reference if the defendant uses the firearm cited in the offense of conviction in connection with the commission of another offense so long as the offense level resulting from application of the cross-reference is greater than it otherwise would be.  *See* U.S.S.G. § 2K2.1(c)(1)(A) (2016).  Relying on the CI's proffer, the PSR attributed to Defendant, for purposes of the cross-reference, an uncharged drug-distribution offense involving 9 ounces (or 255 grams) of methamphetamine, which, according to the CI, Defendant had purchased in exchange for the pistol.  The PSR applied a cross-reference to the drug-distribution guideline and calculated Defendant's total offense level, after all adjustments, at 25, which the PSR determined was a greater level than would result from a straightforward application of the firearm-offense guideline.  *See* U.S.S.G. §§ 2D1.1(a)(5), (b)(1), (c)(7), 2X1.1(a), 3E1.1(a)–(b) (2016).  In combination with Defendant's criminal history category, the total offense level of 25 yielded an advisory guidelines range of 100 to 125 months' imprisonment.

Defendant objected to the cross-reference on three grounds.  First, Defendant argued the CI's proffer simply was insufficient to support a finding by a preponderance that he was responsible for distributing nine ounces of

---

[1] On appeal, Defendant does not challenge his conviction or sentence for the counterfeiting offense, and it does not affect the parties' arguments or the court's decision.

3

methamphetamine. Defendant explained that the proffer was uncorroborated and not given under oath in a judicial proceeding, leaving the CI's credibility in doubt. In this same vein, he later contended the CI's story was inconsistent, explaining the CI at one point stated Defendant had bought eight, not nine, ounces of methamphetamine, and thus was subject to further doubt—although the basis for this contention does not appear in the record. Next, Defendant argued that the parties' plea negotiations had not contemplated that the CI's proffer would be used at sentencing to support a cross-reference. Finally, Defendant argued that cross-references from the firearm-offense guideline are rarely used and are inappropriate especially where, as in his case, the factual basis for the cross-reference is contested.

Instead of the cross-reference, Defendant argued for straightforward application of the firearm-offense guideline, § 2K2.1. He claimed that, after adjustments, this would elicit a total offense level of 21 which, when combined with his criminal history category, should result in a guidelines range of 70 to 87 months' imprisonment. However, in the event the district court decided to apply the cross-reference, Defendant requested a four-level downward variance to his total offense level in order to honor the parties' understanding of the plea agreement.

At the initial sentencing hearing, Defendant reiterated his objection to the cross-reference. He argued that the district court should not credit the CI's proffer because it was unsworn, uncorroborated, and inconsistent and that, because the CI's credibility had not been established, the proffer was insufficient to support the cross-reference's application. In response, the government pointed out the CI's statement

4

that Defendant purchased the methamphetamine in exchange for firearms was corroborated by the identification of Defendant's fingerprints on the storage box containing the pistol recovered from the CI's home. Rather than resolving the dispute, the court recessed the hearing in order to "get the witness in and proceed." (R., vol. III, at 77.)

Two days later, the district court reconvened the hearing to address the CI's credibility. Before the hearing proceeded further, however, defense counsel advised the court:

> Since the [previous] hearing . . . , we have been provided with information that does support the credibility of this witness, and we are now going to withdraw our factual objection to inclusion of that information in the report. And, therefore, we are withdrawing our objection to the report at this time.

(*Id.* at 37–38.) Upon the court's inquiry, defense counsel stated there were no other objections to the PSR, and the court expressly adopted the PSR's findings and accepted its calculation of the total offense level and advisory guidelines range.

Defendant then reiterated his request for a four-level downward variance from the total offense level, which would result in a range of 70 to 87 months, and asked for a sentence of 70 months' imprisonment. He argued the variance would effectuate the parties' intent when they negotiated the plea agreement and account for the infrequent application of the cross-reference. The district court asked if any other factors merited a variance, and defense counsel responded that Defendant's untreated mental illness, his demonstrated sense of loyalty, and his willingness to make substantial changes in his life also militated in favor of a variance.

The district court reflected on a number of sentencing factors, the difficulties Defendant faced due to his background and criminal history, and the likelihood Defendant would recidivate. The court then granted a two-level downward variance, which produced a range of 84 to 105 months' imprisonment, *see* U.S.S.G. ch. 5, pt. A (sentencing table), and sentenced Defendant to 84 months in prison.

Defendant timely appealed. He now challenges the procedural and substantive reasonableness of his sentence.

## ANALYSIS

"When we review a sentence for reasonableness, our review 'includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence.'" *United States v. Griffith*, 928 F.3d 855, 872 (10th Cir. 2019) (quoting *United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1261 (10th Cir. 2018)). "We normally review a defendant's claim of procedural unreasonableness for abuse of discretion, 'under which we review de novo the district court's legal conclusions regarding the guidelines and review its factual findings for clear error.'" *Ortiz-Lazaro*, 884 F.3d at 1262 (quoting *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012)). However, if a defendant forfeits the procedural challenge by failing to preserve it, we review it only for plain error. *See id.* (citing *Gantt*, 679 F.3d at 1246). And, if a defendant waives the procedural challenge, we do not review it even for plain error. *See United States v. McGehee*, 672 F.3d 860, 873 (10th Cir. 2012); *United States v. Teague*, 443 F.3d 1310, 1314–15 (10th Cir. 2006).

6

Defendant's procedural challenge to his sentence attacks the factual basis for applying the § 2K2.1(c) cross-reference. As he did in the district court, Defendant contends that the only evidence presented as a basis for the cross-reference—the CI's proffer—was unreliable because it was unsworn, uncorroborated, internally inconsistent, and otherwise not credible. The proffer, Defendant argues, was thus insufficient to support a finding by preponderance that Defendant was responsible for trafficking nine ounces of methamphetamine, and the district court plainly erred in applying the cross-reference. The government responds that Defendant's procedural challenge is not subject to appellate review because it has been waived. We agree.

"[W]aiver is the intentional relinquishment or abandonment of a known right," whereas, in contrast, "forfeiture is the failure to make the timely assertion of a right." *Teague*, 443 F.3d at 1314 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). "We typically find waiver in cases where a party has invited the [putative] error that it now seeks to challenge, or where a party attempts to reassert an argument that it previously raised and abandoned below." *United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008). We have previously found waiver where a defendant at a sentencing hearing abandoned a previously advanced objection to the PSR by affirming that the objection had been resolved. *See United States v. Carrasco-Salazar*, 494 F.3d 1270 (10th Cir. 2007). Other courts of appeal have done the same. *See id.* at 1273 (collecting cases). Indeed, we have said, "[t]here can be no clearer intentional relinquishment or abandonment of a known right than when the court brings the defendant's prior objection to his attention [and] asks whether it has been

7

resolved, and the defendant affirmatively indicates that it has." *Zubia-Torres*, 550

F.3d at 1207 (internal quotation marks, citations, and brackets omitted).

Here, Defendant raised in the district court the same objection to the § 2K2.1(c)

cross-reference he now seeks to raise on appeal and then affirmatively abandoned it.

Defendant objected to the factual basis for the cross-reference both in written

responses to the PSR and orally at the initial sentencing hearing. The court recessed

the hearing specifically to address Defendant's objection, and, when the hearing

reconvened, defense counsel unequivocally stated that Defendant withdrew his

objection to the factual basis. These circumstances nearly mirror those that we have

identified as one of the clearest examples of the intentional relinquishment or

abandonment of a known right, which precludes appellate review. *See id.* We

therefore conclude that Defendant's procedural challenge to the factual basis for the

cross-reference has been waived.[2]

---

[2] Defendant appears to also take a slightly different tack on appeal, arguing the preponderance standard was not met because the government failed to present *any* evidence, and the district court did not make *any* finding, that Defendant was responsible for nine ounces of methamphetamine. We think this line of argument has also been waived. *See United States v. Nelson*, 868 F.3d 885, 891 n.4 (10th Cir. 2017) (explaining the rules of forfeiture and waiver apply to new theories raised on appeal that fall under the same general category as an argument presented in the trial court).

In any event, Defendant's new theory is meritless. A sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). Thus, even where "the only evidence in the record in support of the district court's factual findings [i]s the PSR['s] . . . summary of the [relevant] conduct[,] . . . [o]ur precedent is clear that . . . district courts are free to accept 'uncontested facts contained in the PSR' for purposes of sentencing." *United States v. Robertson*, 568 F.3d 1203, 1214 (10th Cir. 2009) (quoting *United States v. Mateo*, 471 F.3d 1162, 1166 (10th Cir. 2006)).

In this case, the PSR stated that Defendant had purchased nine ounces of methamphetamine from the CI in exchange for the pistol underlying the offense of

Even assuming, as Defendant contends, that he merely forfeited rather than waived the procedural challenge, he still is not entitled to plain-error review. "'Under the plain error standard, we will not review the district court's *factual* findings relating to sentencing'"; instead, we "'will review for particularly egregious or obvious and substantial *legal* error, which our failure to consider would result in a miscarriage of justice.'" *United States v. Heredia-Cruz*, 328 F.3d 1283, 1288 (10th Cir. 2003) (emphasis added) (quoting *United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir. 1994)). Although arguably we might have deviated from this principle in some circumstances, *see, e.g.*, *United States v. Bass*, 411 F.3d 1198, 1208–10 (10th Cir. 2005) (Tymkovich, J., concurring in part and dissenting in part), we continue to regularly adhere to it, *see, e.g.*, *United States v. Griffith*, 928 F.3d 855, 874 (10th Cir. 2019); *United States v. Smith*, 531 F.3d 1261, 1271 (10th Cir. 2008). The reason for this limitation on plain-error review is that, "when a defendant properly raises the disputed factual issues in the district court, a record sufficient to permit adequate review is thereby developed," but, "when a defendant fails to raise the issue below, we have no factual record by which to review" the district court's factual determinations. *United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir. 1991),

---

conviction, that Defendant's fingerprints were on the pistol's storage box recovered from the CI's home, and thus that Defendant was responsible for the methamphetamine. Defendant went beyond merely failing to dispute these facts; he affirmatively withdrew any objection to them. The district court then expressly adopted the PSR's findings. Thus, contrary to Defendant's assertions, the court found he was responsible for the nine ounces of methamphetamine based on undisputed portions of the PSR. There is no error here.

9

*abrogated on other grounds by Stinson v. United States*, 508 U.S. 36 (1993); *see also Smith*, 531 F.3d at 1271.

Here, the district court expressly adopted the PSR's factual findings—including the PSR's determination that nine ounces of methamphetamine were attributable to Defendant based on the CI's proffer—as its own. Thus, the district court implicitly found the CI was credible and the proffer reliable. Defendant's arguments amount to a challenge to these factual findings. But factual-dependent determinations like these typically are not subject to plain-error review. Further, the rationale underlying this limitation on plain-error review calls for its application here: Defendant's withdrawal of his objection to the cross-reference prevented the parties and the court from further developing a factual record even though the court had paused the proceedings specifically to do so. As a result, Defendant's own actions have deprived us of any meaningful opportunity to evaluate the accuracy of the district court's factual determinations in this regard, so reviewing them for plain error is simply out of the question.

Defendant also challenges the substantive reasonableness of his 84-month sentence. "'We consider the substantive reasonableness of the length of a sentence under an abuse-of-discretion standard,'" and "'[a] district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable.'" *Ortiz-Lazaro*, 884 F.3d at 1265 (quoting *United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010)). "When reviewing a sentence for substantive reasonableness, we focus on 'whether the length of the sentence is reasonable given

10

all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Cookson*, 922 F.3d 1079, 1091 (10th Cir. 2019) (quoting *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009)).  A sentence below a correctly calculated advisory guidelines range is presumed to be reasonable in a challenge brought by a defendant, *see United States v. Damato*, 672 F.3d 832, 848 (10th Cir. 2012), and the defendant faces a hefty burden to rebut the presumption of reasonableness in this context, *see United States v. Durham*, 902 F.3d 1180, 1238 (10th Cir. 2018); *United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008).  Indeed, where the sentencing court grants a downward variance from the recommended guidelines range, the sentence in some respects warrants even greater deference.  *See Cookson*, 922 F.3d at 1091; *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018).

Defendant raises no meritorious argument against application of the § 2K2.1(c) cross-reference or against any other aspect of the district court's guidelines calculations.  Thus, we conclude the court correctly determined the guidelines range to be 100 to 125 months of imprisonment.  The court's imposition of a sentence below that range, at 84 months, pursuant to a two-level downward variance is accorded great deference and the presumption of reasonableness.

Defendant's substantive challenge rests on his contention that the parties did not consider the cross-reference when negotiating the plea agreement and instead contemplated a guidelines range of 70 to 87 months' imprisonment based on straightforward application of the firearm-offense guideline.  It hardly makes sense,

11

however, to complain that an 84-month sentence is unreasonably long when it falls within the guidelines range Defendant says he expected. Anticipating this, Defendant argues his sentence is too long when compared to the range he expected *along with* the two-level downward variance the district court granted him. In his view, the court should have granted him a four-level variance to account for the unexpected cross-reference, decreasing the range to 70 to 87 months. Then, the additional two-level variance the court granted would have yielded a range of 57 to 71 months. The 84-month sentence is unreasonable, Defendant argues, because the court failed to grant a four-level variance to account for the unanticipated cross-reference and only granted a two-level variance based on other qualitative factors, such as Defendant's commitment to turning his life around.

Defendant's attempt to rebut the district court's presumptively reasonable, below-guidelines sentence is unpersuasive. The chief problem in Defendant's argument is that he assumes the court would have granted the two-level variance even if it had not been confronted with the cross-reference issue. This is hardly clear from the record. Rather, it seems, as the government argues, that the court granted the two-level variance at least in part *because of* the unexpected application of the cross-reference. In any event, Defendant's speculation that the court would have granted the two-level downward variance in the absence of the cross-reference issue (or in addition to a four-level variance in light of the cross-reference issue) is not enough to overcome the presumption of reasonableness afforded the below-guidelines sentence he received. *See United States v. Gallegos*, 655 F. App'x 615, 617 n.4 (10th Cir.

12

2016) (unpublished). Ultimately, on the record before us, we cannot say the court's imposition of a sentence within the range Defendant says he expected in the absence of the cross-reference was unreasonably long, amounting to an abuse of the court's discretion.

## CONCLUSION

We accordingly **AFFIRM** Defendant's sentence.