FILED
United States Court of Appeals
Tenth Circuit

June 2, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RANDY ALAN HAMETT,

    Defendant - Appellant.

No. 21-5063
(D.C. No. 4:18-CR-00002-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.[**]

_____

Defendant Randy Hamett appeals the 396-month sentence he received for

twelve felony convictions relating to his kidnapping and assault of his ex-wife, A.H.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

After they divorced in the summer of 2016, Hamett began stalking and

harassing A.H., who lived in Tulsa County, Oklahoma.  She changed the locks on her

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

doors, installed a security system, and obtained a protective order against Hamett. He did not stop stalking her, however, but instead surveilled her from the woods outside her residence and spent months planning how to kidnap her. On April 25, 2017, he parked his truck at a nearby store, walked to A.H.'s house with a bag of tools, and stayed hidden outside until she left for work. He then cut a hole in the side of her house, climbed inside, and patched the hole.

When A.H. returned home from work, Hamett fired a taser at her, striking her spine near the location of a previous spinal fusion and causing her extreme physical pain. Hamett then pointed a loaded gun at A.H.; bound her wrists and ankles; and threatened to kill himself, her, and anyone else who might walk into the house. Over the next 26 to 27 hours, Hamett stole items from A.H.'s house, including a firearm and ammunition she had purchased for self-defense; tied her up in the backseat of her car and drove it to the store where his truck was parked; forced her into the back of his truck, breaking at least one of her ribs in the process; sexually assaulted her; threatened to kill anyone she asked for help; and kept her in constant fear for her life. A.H. was eventually able to send a message to her family, and the police found A.H. and Hamett at the hotel in Arkansas where Hamett had taken her.

In 2018, following a jury trial in which Hamett requested and was granted the right to represent himself, a jury convicted Hamett of three felony counts: kidnapping, possessing a stolen firearm and ammunition, and possessing firearms and ammunition while subject to a domestic-violence protective order. The district court

2

sentenced Hamett to 240 months of imprisonment on the kidnapping count and concurrent 120-month sentences on the other two counts.

In June 2020, a panel of this court reversed Hamett's convictions and remanded for a new trial, holding that his mid-trial waiver of his right to counsel was invalid because it was not knowingly and intelligently made. *See United States v. Hamett*, 961 F.3d 1249, 1263 (10th Cir. 2020).

Less than one month later, the Supreme Court issued its opinion in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), holding that the Muscogee (Creek) Nation Reservation had not been disestablished. Because Hamett is a member of the Cherokee Nation and A.H.'s residence was now recognized to be on Indian land, the *McGirt* decision caused more of Hamett's crimes to fall under federal rather than state jurisdiction. Accordingly, on remand the grand jury indicted Hamett on a superseding indictment that (1) changed Count 1 to specifically allege kidnapping "within Indian Country," and (2) added nine additional counts. These additional counts included charges of carjacking (Count 2), assault with a dangerous weapon in Indian country (Count 7), and using or brandishing a dangerous weapon in furtherance of both of those offenses (Counts 11 and 12).

A jury found Hamett guilty of all twelve counts, and it specifically found that Counts 11 and 12 involved brandishment. Based on Hamett's offense conduct, the district court calculated an advisory Guidelines sentence of life imprisonment for Counts 1 through 10. Moreover, Counts 11 and 12 each required a mandatory

minimum sentence of 84 months that could not run concurrently with the sentences for any of the other counts. *See* 18 U.S.C. § 924(c)(1)(A)(ii) and (D)(ii).

Hamett asked the district court to impose a below-Guidelines sentence of 72 months for the first ten counts of the indictment, so that his total term of imprisonment would be 240 months, consistent with the sentence imposed after his first trial. He contended that a below-Guidelines sentence was appropriate based on his age (then 62), his life expectancy, the lower likelihood of recidivism of older offenders, the fact that he had no prior criminal history, and the discrepancy between his sentence and the average sentence imposed for kidnapping offenses.

The district court granted Hamett's motion in part, concluding "based on [Hamett's] age . . . that a sentence of life imprisonment would be greater than necessary to achieve the statutory purposes of sentencing." The court accordingly varied downward to impose a 228-month sentence on the kidnapping count, with shorter concurrent sentences on Counts 2 through 9. Combined with the mandatory consecutive sentences of 84 months on each of the § 924(c)(1)(A) counts, this led to a total sentence of 396 months of imprisonment.

In denying Hamett's request for an even lower sentence, the court explained that this case involved extreme facts. The court rejected Hamett's sentencing-discrepancy argument because he had not compared his conduct to other kidnapping offenses to show that any discrepancy in sentencing was unwarranted. Likewise, Hamett had not addressed how his age mitigated his conduct or indicated that he was unlikely to reoffend. The court acknowledged it had previously imposed a 240-

month sentence for the kidnapping, but it stated that the new post-*McGirt* charges, particularly the charges that "impose[d] two mandatory minimum consecutive terms of imprisonment," "must be considered in fashioning an appropriate sentence." Finally, the court explained that its sentencing decision was based on all the 18 U.S.C. § 3553(a) sentencing factors, including both mitigating factors (such as Hamett's lack of a prior criminal history) and aggravating factors (such as the physical and psychological harm Hamett inflicted on the victim over a period of more than 24 hours).

## II.    Discussion

On appeal, Hamett argues that the district court's sentencing decision should be reversed for two main reasons:  (1) the significantly higher sentence he received following his appeal suggests that the sentencing decision was based on vindictiveness, and (2) the district court imposed an unreasonably long sentence in light of "the cumulative effect of the mitigating factors, such as the defendant's age, unlikeliness of recidivism, and that this was aberrant behavior."

"Although the government contends that [Hamett] did not preserve [his] vindictiveness argument below, we need not resolve the matter" because Hamett has not shown reversible error under any standard of review.  *United States v. Medley*, 476 F.3d 835, 839 (10th Cir. 2007).  A presumption of vindictiveness may arise when a defendant "received a greater sentence of confinement following retrial than he had originally received," but any such presumption is rebutted if the district court "carefully explained [its] reasons for imposing the greater sentence" and these

reasons are "manifestly legitimate." *Wasman v. United States*, 468 U.S. 559, 569–70 (1984); *see also Medley*, 476 F.3d at 838–40 (holding that defendant had not shown vindictiveness where longer sentence was explained by recalculation of Guidelines range). In this case, the district court explained that it was imposing a lengthier sentence because Hamett had been convicted of several additional charges on retrial, two of which carried a mandatory consecutive sentence of at least 84 months. Indeed, it is worth noting that the district court imposed a lower sentence for Hamett's kidnapping charge after the second trial than the first, and his total sentence was only longer due to the consecutive 84-month sentences on the new § 924(c)(1)(A) counts. Increasing a defendant's total sentence because he has been convicted of several additional crimes is "manifestly legitimate," particularly when Congress has deemed those crimes serious enough to require several years of consecutive imprisonment. *Cf. United States v. Schmeltzer*, 20 F.3d 610, 613 (5th Cir. 1994) ("The changed circumstances—the convictions for four different charges and the increased offense level—are sufficient objective events and information justifying an increase so as to rebut any presumption of vindictiveness."). Hamett therefore has not shown that he is entitled to reversal even if we were to review this issue de novo. *See Medley*, 476 F.3d at 838–40.

Hamett's second challenge to the district court's sentencing decision raises an issue of substantive reasonableness that we review for abuse of discretion, reversing only if "the sentence exceeded the bounds of permissible choice or was arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Henson*, 9 F.4th

1258, 1287 (10th Cir. 2021) (quotations omitted).  In evaluating the substantive reasonableness of a sentence, we "do not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that [the] facts and the law at issue can fairly support."  *Id.* at 1297 (quotations omitted).  Moreover, Hamett's below-Guidelines sentence is "presumed to be reasonable in a challenge brought by a defendant," and Hamett "faces a hefty burden to rebut the presumption of reasonableness in this context."  *United States v. Carter*, 941 F.3d 954, 961 (10th Cir. 2019).

The sentencing transcript in this case shows that the district court carefully considered both aggravating and mitigating factors in determining the appropriate sentence for Hamett's crimes.  Hamett contends the district court failed to give sufficient weight to the mitigating factors, but we will not reweigh those factors on appeal.  *See Henson*, 9 F.4th at 1297.  Moreover, the facts presented at Hamett's trial fully support the district court's description of his crimes as extreme and outrageous, and we are not persuaded by Hamett's implicit argument that the only "rationally available choices" for an appropriate sentence were even lower than the below-Guidelines sentence that Hamett actually received.  *Id.* (quotations omitted).

## III.     Conclusion

For the foregoing reasons, we **affirm** Hamett's sentence.

Entered for the Court

Michael R. Murphy
Circuit Judge