22CA1152 Peo v Hart 03-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA1152
El Paso County District Court No. 21CR3958
Honorable Lin Billings Vela, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Robert Michael Hart,

Defendant-Appellant.

---

JUDGMENT AND ORDER AFFIRMED

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Claire Pakis, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Robert Michael Hart, appeals the judgment of conviction and order of restitution entered after a jury found him guilty of third degree assault.  We affirm.

I.     Background

¶ 2     The prosecution charged Hart with third degree assault (knowingly or recklessly) and harassment (struck, shoved, kicked, touched, or subjected to physical contact) following a fight that occurred among him, the victim (Erik Cunningham), and a mutual friend (Ronald Meisman).

¶ 3     On the night of the incident, Meisman invited Hart and the victim over to his house to barbecue steaks and watch a pay-per-view UFC fight.  But when the victim arrived, he learned Meisman did not have steaks or internet access.  While the details of the fight were disputed at trial, the victim testified that Hart kicked him in the face and stomped on his head with a steel-toed boot.  Meisman and Hart both testified that the victim attacked Meisman first and was choking him when Hart intervened by pulling the victim off.

¶ 4     Hart claimed self-defense at trial.  The jury found him guilty of third degree assault but acquitted him of harassment.  The trial

1

court sentenced him to three years of supervised probation and ordered restitution in the amount of $31,491.44.

¶ 5      Hart appeals, arguing the court's self-defense jury instructions were confusing and misleading because they applied self-defense as an affirmative defense for harassment and third degree assault (knowingly) but as an element-negating traverse for third degree assault (recklessly).  He further asserts the trial court improperly instructed the jury on the provocation, initial aggressor, and mutual combat exceptions to self-defense.  Finally, he argues the court lacked authority to impose restitution under section 18-1.3-603(1)(b), C.R.S. 2024.

## II.      Self-Defense Instructions

¶ 6      The Attorney General argues that Hart waived both of his challenges to the self-defense jury instructions.  We agree.

¶ 7      Waiver is "the *intentional* relinquishment of a *known* right or privilege."  *People v. Rediger*, 2018 CO 32, ¶ 39 (quoting *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984)).  It differs from forfeiture, which is "the failure to make the timely assertion of a right."  *Id.* at ¶ 40 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).  A waiver may be express or it may be implied when a

defendant "engages in conduct that manifests an intent to relinquish a right or privilege or acts inconsistently with its assertion." *Forgette v. People*, 2023 CO 4, ¶ 28. If a right is waived, we may not review it. *Id.* at ¶ 30.

### A. Self-Defense as an Affirmative Defense and Traverse

¶ 8 Hart argues he preserved his appellate argument by initially requesting for the court to instruct the jury on self-defense as an affirmative defense to both knowing and reckless assault. True, the court's review and rejection of a tendered jury instruction is normally enough to preserve an instructional error for appeal. *See People v. Ridgeway*, 2013 COA 17, ¶ 10. But the court did not merely reject defense counsel's tendered instruction here. Instead, it pointed counsel to section 18-1-704, C.R.S. 2024, noting that the statute "specifically talks about" how self-defense may not be used as an affirmative defense when applied to reckless conduct. *See* § 18-1-704(4) (When applied to conduct committed recklessly, "the self-defense law instruction shall not be an affirmative defense instruction and the prosecuting attorney shall not have the burden of disproving self-defense."). Presented with this explanation,

counsel conceded, "Oh, okay . . . . That's fine if we're doing that instruction, [the traverse instruction for reckless conduct]."

¶ 9    We disagree with Hart that it's unclear what defense counsel was referring to when he said, "[T]hat's fine." As discussed, the trial court had just explained why the affirmative defense instruction did not apply to reckless conduct, and defense counsel gave the okay based on the traverse instruction for reckless conduct. We read this colloquy between defense counsel and the court as the court educating counsel on the governing law and counsel acquiescing based on this new information. In other words, by agreeing to the instructions as written, defense counsel acknowledged that his proposed instruction was incorrect and thus effectively withdrew it. *Rediger*, ¶ 39 (waiver involves "relinquishment" of a right) (citation omitted); *see also United States v. Carter*, 941 F.3d 954, 959 (10th Cir. 2019) (affirmative abandonment of a claim previously asserted before the trial court is "one of the clearest examples" of waiver).

¶ 10    Indeed, defense counsel approved the self-defense instructions a second time later the same day, when the court again reviewed the jury instructions with the attorneys. After acknowledging that he received the proposed instructions from the court and discussing

4

the separate instructions for self-defense as applied to knowing and reckless assault, defense counsel said, "I think [how] you have it, Judge, is fine. I, you know, you're damned if you do and damned if you don't with [this] type of thing. So I'm . . . happy leaving it how it is." He did so after the court observed that it "would be even more confusing" to give the jury separate self-defense instructions for knowing and reckless assault — bringing defense counsel's attention directly to the issue Hart now raises on appeal. The court then summarized all of the self-defense instructions, and defense counsel said again, "They look fine to me, Your Honor."

¶ 11     Even indulging every reasonable presumption against waiver as we must, *Phillips v. People*, 2019 CO 72, ¶ 16, we conclude Hart waived the argument he raises on appeal. Accordingly, we may not consider it.

### B.     Instructions on Self-Defense Exceptions

¶ 12     We reach the same conclusion with regard to the court's instructions on the provocation, initial aggressor, and mutual combat exceptions to self-defense.

¶ 13     The trial court first brought the exceptions to defense counsel's attention before opening statements. Before hearing the

evidence, the court indicated that it did not believe this case involved provocation or Hart being the initial aggressor, and it had "no idea if there was some unauthorized combat by agreement." The court indicated the parties would need to revisit the instructions after hearing the evidence.

¶ 14    At the close of evidence, before closing arguments, the court asked whether the parties had "a chance to look at the [j]ury instructions again last night that [it] sent [them] following [their] conference[.]"  Defense counsel indicated he had and stated he had no additional argument, amendments, or objections to them.

¶ 15    The prosecutor then asked the court to add the initial aggressor exception to the self-defense instruction based on the victim's testimony that Hart was the initial aggressor during one of two altercations during the fight.  After confirming that the court was looking at the affirmative self-defense instruction, defense counsel said, "And you're adding the initial aggressor and the . . . ."

¶ 16    The court responded,

> So I've just added it in as paragraph four.  So one, two remain the same.  After three where it's, he didn't provoke, I've added four . . . he was not the initial aggressor.  Then I need to

> cut and paste or put that into [the traverse instruction].

When asked if there was "[a]nything else with regards to these," defense counsel was silent.

¶ 17    On appeal, Hart argues he did not object because he was unaware that the exceptions were included in the instructions. But the trial court specifically brought defense counsel's attention to whether the evidence supported any of the three exceptions during the first jury instruction conference before opening statements. The court noted that the parties would need to revisit this issue, highlighting for defense counsel that there was a question about whether the exceptions should be included. And later, when the parties were discussing whether there was evidence to support the initial aggressor exception, defense counsel raised no objection.

¶ 18    We recognize that the mere failure to object is not waiver unless it was the result of intent, not mere neglect. *See Rediger*, ¶ 44 (distinguishing between waiver and forfeiture). But as discussed, defense counsel's failure to object in this case came after the court drew the parties' attention to the exceptions in the self-defense jury instructions multiple times. It also came after counsel

confirmed that he had received the instructions, and while he was looking closely enough at the affirmative defense instruction to clarify where the initial aggressor exception would be placed (that is, right between the provocation and mutual combat exceptions). We therefore conclude Hart waived his objection to the exceptions, and his argument is not properly before us.

### III.   Authority to Impose Restitution

¶ 19    Finally, Hart argues the trial court lacked authority to impose restitution because its final restitution order fell outside the ninety-one-day statutory deadline, and the court failed to make findings of good cause for the delay.  We conclude this argument, too, is waived.

¶ 20    Under section 18-1.3-603(1)(b), the court was required to determine the amount of restitution owed within ninety-one days of the final judgment unless it expressly found good cause to extend the deadline.  *See People v. Weeks*, 2021 CO 75, ¶ 5.  Because the court sentenced Hart on May 23, 2022, but reserved ruling on the amount of restitution owed, it was required to make that determination by August 22, 2022.  The court entered its final order on October 6, 2022.

¶ 21    At the outset, we note that the court set three separate restitution hearings before the August 22 deadline. On July 11, 2022, the victim testified regarding his injuries and employment status before and after the incident, but the prosecution had not yet provided defense counsel with tax documents showing the victim's prior employment. The parties therefore agreed to continue the restitution hearing to July 25, 2022.

¶ 22    At the July 25 hearing, the court noted the prosecution had not provided the defense with an itemized list of restitution costs before the hearing. It again continued the hearing, this time to August 1, 2022.

¶ 23    By the third hearing, on August 1, the prosecution had provided defense counsel with all of the requested discovery. But by the end of that hearing, the court determined that written closing arguments were appropriate, given "the late hour of the day [and] the number of exhibits." The prosecution asked for two weeks to file its argument — by August 15, 2022.

¶ 24    To be sure, until this point, the majority of the delay in determining restitution was caused by the prosecution's failure to

provide defense counsel with discovery.[1]  But even accounting for the prosecutor's requested time to file written closing arguments, the court remained within the ninety-one-day window required to determine restitution.  Critically, it was *defense counsel* who pushed the court's restitution order beyond the statutory deadline. Discussing written closing arguments, defense counsel said, "if they have two weeks, I would like two weeks because . . . on the 15th, I'm going to be traveling out of the country going fishing so I'm not going to be in a position for about two weeks to file anything." Counsel further confirmed that two weeks after the prosecutor's deadline would be August 29, 2022.

¶ 25    We conclude that by making this request, defense counsel asked the trial court to act outside the statutory timeframe.  *People v. Babcock*, 2023 COA 49, ¶ 13 (*cert. granted* Apr. 8, 2024).  In other words, counsel intentionally relinquished a known right.  *Id.*

---

[1] Indeed, at the second restitution hearing, the court admonished the prosecutor for attempting to provide the information "in the middle of a hearing," noting that if the prosecution "would simply . . . provide the discovery in support of the proposed restitution pay-out order, it could save the kind of difficulty that we find ourselves in today."

¶ 26 Hart argues this case presents a straightforward application of *Roberson*, where a division of this court found no waiver. *See People v. Roberson*, 2023 COA 70, ¶ 26 (*cert. granted* Apr. 8, 2024). But the *Roberson* division assumed, "as the *Babcock* division held, that a defendant can waive their right to challenge the timeliness of a restitution order." *Id.* And it only found no waiver there because defense counsel simply "accepted a new status conference date that was more than ninety-one days after sentencing." *Id.* at ¶ 29.

¶ 27 By contrast, here, defense counsel specifically asked for the court to reserve ruling on restitution until August 29 so that he could have two weeks to file a written closing argument.[2] This request is therefore more akin to *Babcock*, where "[d]efense counsel requested a hearing outside the ninety-one-day period." *Babcock*, ¶ 13. It is further inconsistent with Hart's assertion of the right to have restitution be decided sooner. *See Forgette*, ¶ 28. We therefore conclude it is waived.

## IV. Disposition

¶ 28 The judgment and order are affirmed.

---

[2] Counsel ultimately did not elect to file a written closing argument.

JUDGE HARRIS and JUDGE GROVE concur.