**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NATALIE DAWN HALBERT,

    Defendant - Appellant.

No. 24-6181
(D.C. No. 5:19-CR-00049-G-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Natalie Halbert challenges her 18-year sentence for child sex trafficking as substantively unreasonable. She argues that her history, characteristics, and personal circumstances warranted a lower sentence and that the district court inadequately considered the disparity between her sentence and the sentences of similarly situated offenders. We reject these arguments and affirm.

---

    * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

In 2016, Rolando Cifuentes-Lopez offered Halbert a trailer to live in. When Halbert fell behind on rent, Cifuentes-Lopez suggested that she could make up the difference by paying him in sex. Cifuentes-Lopez kept asking for sex and, after a few months, he referred his two brothers and another man, Wilson Gramajo-Maldonado, to Halbert for sex. This arrangement went on for years, but Cifuentes-Lopez never told Halbert how much, exactly, he was discounting her rent; nor did he ever tell her she had caught up. Halbert also eventually traded sex in exchange for money, food, drugs, and favors. She later told investigators that she did not view her conduct as commercial sex work but as a matter of survival, given her extreme poverty.

At some point, Cifuentes-Lopez asked to have sex with Halbert's minor daughters. Cifuentes-Lopez, his brothers, and Gramajo-Maldonado were the most frequent buyers of sex with Halbert's minor daughters, though there were other men as well. For instance, Gramajo-Maldonado paid Halbert $40 a week to live in her trailer and have sex with her 14-year-old daughter. Halbert knew that men were having sex with her daughters; she provided her daughters with condoms, would intervene when a customer wouldn't pay, and would sometimes keep the money.

A grand jury charged Halbert with two counts of child sex trafficking. Halbert pleaded guilty, without a plea agreement, to both counts.[1] The presentence

---

[1] The government indicted Cifuentes-Lopez, his brothers, and Gramajo-Maldonado separately from Halbert. Cifuentes-Lopez pleaded guilty to two counts of child sex trafficking and received a 292-month sentence. *See United States v. Cifuentes-Lopez*, 40 F.4th 1215, 1217–18 (10th Cir. 2022) (affirming sentence). One of Cifuentes-Lopez's brothers pleaded guilty to two counts of child sex trafficking and one count of unlawful reentry and also received a 292-month sentence. The other

investigation report (PSR) documented Halbert's personal history, which included several extremely violent relationships and struggles with alcohol, methamphetamine, and an opioid addiction that began after she suffered a miscarriage in 2005. Psychological testing determined that Halbert has a composite IQ that falls in the range of mild intellectual disability, causing the psychologist to question Halbert's ability to recognize the gravity of the harm caused to her daughters. Halbert also suffers from severe anxiety and depression.

At sentencing, the district court adopted the PSR and set Halbert's sentencing range under the United States Sentencing Guidelines (the Guidelines or U.S.S.G.) at life in prison, based on a total offense level of 43—the highest available under the Guidelines.[2] Halbert asked the district court to depart or vary downward from the Guidelines and impose the mandatory minimum sentence of 120 months. *See* 18 U.S.C. § 1591(b)(2). The government requested a downward departure to a sentence of 10 to 15 years based on Halbert's substantial assistance in the prosecution of the men who victimized her and her daughters. *See* U.S.S.G. § 5K1.1.

The district court agreed that a downward departure and a downward variance were appropriate. It determined that the Guidelines "overstate[d] the criminal

---

brother pleaded guilty to unlawful reentry and received a six-month sentence. Gramajo-Maldonado pleaded guilty to one count of child sex trafficking and received a 324-month sentence.

[2] Halbert had only one criminal-history point, placing her in the lowest criminal-history category, but that did not impact her Guidelines range because an offense level of 43 always produces a Guidelines range of life in prison. *See* U.S.S.G. ch. 5, pt. A.

culpability of the defendant in this atypical case," emphasizing that Halbert's conduct resulted "not so much from malice . . . but [from] an absence of care and basic good judgment." Supp. R. vol. 2, 23. The district court also cited Halbert's substantial assistance to the government, her mild intellectual disability, and her drug and alcohol addiction as reasons for a downward departure. *See* § 5K1.1; U.S.S.G. § 5H1.3 ("Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions . . . are present to an unusual degree and distinguish the case from the typical cases covered by the [G]uidelines."). Nevertheless, the district court concluded that Halbert's conduct warranted punishment because she "did not protect her children from being raped and prostituted . . . and even, to some extent, facilitated or participated in the trafficking of her daughters by supplying condoms and taking some of the money that they were making." Supp. R. vol. 2, 24–25. The district court thus concluded that a sentence of 18 years on each count, to run concurrently, was sufficient.

Halbert now appeals, asserting that this sentence is substantively unreasonable. "Substantive review 'involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'"[3] *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir.

---

[3] Those factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public; the kinds of sentences available; any "pertinent" policy statements; and the need to avoid unwarranted sentencing disparities. § 3553(a).

2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). We review the substantive reasonableness of sentences for abuse of discretion. *Id.* at 1214. Under this deferential standard of review, we uphold a district court's decision unless it is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quoting *United States v. Byrne*, 171 F.3d 1231, 1235–36 (10th Cir. 1999)). We also presume a below-Guidelines sentence like Halbert's is reasonable, "and the defendant faces a hefty burden to rebut the presumption of reasonableness in this context." *United States v. Carter*, 941 F.3d 954, 961 (10th Cir. 2019).

Halbert argues that "[h]er unique and calamitous history, mental deficiencies, and personal characteristics alone warrant a lower sentence." Aplt. Br. 12. But the district court considered these items, citing Halbert's extreme poverty, addiction, and borderline intellectual functioning as evidence that Halbert deserved a below-Guidelines sentence. The district court's decision to impose a sentence significantly below the Guidelines—though not as low as Halbert requested—was not arbitrary or unreasonable.

Halbert also argues that her sentence creates an improper disparity between her sentence and those similarly situated but more culpable. In support, Halbert cites nationwide sentencing statistics for sex-abuse and child-sex-trafficking offenses. But, as the government points out, Halbert didn't present these statistics or this argument to the district court. This is fatal to her challenge because a sentencing court cannot abuse its discretion by failing to consider information it did not have. *Verlo v.*

*Martinez*, 820 F.3d 1113, 1125 (10th Cir. 2016) ("We will not hold that the district court abused its discretion based on evidence not before it when it ruled.").

Halbert thus cannot rebut the presumption of reasonableness attached to her below-Guidelines sentence. *See Carter*, 941 F.3d at 961. We affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge