**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FIDEL ENRIQUE RUELAS,

Defendant-Appellant.

No. 00-3354
(D.C. No. 00-CR-20032-04-CM)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant was charged in four counts of a ten-count indictment with conspiracy to possess with intent to distribute illegal drugs (heroin), conspiracy to introduce contraband into a prison facility, and illegal use of a communication facility in furtherance of criminal activities. In exchange for dismissal of three counts, defendant pleaded guilty to one count of violating 21 U.S.C. § 843(b), use of a communication facility in the furtherance of criminal activity. He appeals only his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

His argument on appeal is that the district court erred in increasing his offense level by two levels under USSG § 2D1.1(b)(3) by finding that the object of the offense was the distribution of a controlled substance in a prison. He contends that his plea was not to the use of a communication facility to attempt distribution, but merely to attempt to possess heroin. "We review the district court's legal interpretation and application of the sentencing guidelines de novo and review the court's factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." United States v. Henry, 164 F.3d 1304, 1310 (10th Cir.), cert. denied, 527 U.S. 1029 (1999).

In his petition to enter his plea, defendant represented that he had committed the acts charged in Count 9 of the indictment, specifically that he unlawfully used a communication facility to attempt to possess 19.2 grams of heroin. R. Vol. I, doc. 76 (plea petition) at 1. He further understood that the

-2-

maximum sentence was four years' imprisonment with a year of supervised release and a fine of $30,000. Id. at 2. The plea petition also acknowledges that there was no limitation on the information the judge could consider at sentencing and that the court could take into account "all relevant criminal conduct, which may include counts to which [defendant had not pleaded] guilty or been convicted." Id. at 4.

The plea agreement states that defendant pleaded guilty to Count 9 charging him with using a telephone "to commit, cause, and to facilitate the attempted possession of 19.2 grams of heroin." R. Vol. I, doc. 76 (plea agreement) at 1. Initially the typed version of the agreement contained the language "attempted possession with intent to distribute a controlled substance." Id. This language was changed from "with intent to distribute a controlled substance" to "possession of 19.2 grams of heroin." Id. The plea agreement also states that although the remaining counts would be dismissed, the dismissed counts would be included in the Sentencing Guideline range calculation as relevant conduct. R. Vol. I, doc 76 (plea agreement) at 2.

Moreover, as part of the plea the agreement, defendant admitted that

> The defendant, along with 5 other defendants, is charged with conspiracy to smuggle a controlled substance into the United States Penitentiary at Leavenworth, Kansas. The defendant, using a communication facility, that is, a telephone, would contact individuals located in California, to obtain heroin. The heroin was packaged in color coded balloons.

-3-

Each balloon represented the inmate for whom the heroin was destined. The heroin was then sent to a co-defendant (Hill) in Oklahoma. Hill would be instructed to transport the heroin to the prison, and to smuggle it in during a visit with another inmate, Kenneth Taylor, also a co-defendant in this case. Hill was to place the balloons in her mouth and then transfer the heroin to Taylor during a kiss. Tape recorded conversations were intercepted between the inmates and others establishing the conspiracy. The heroin was seized from Gladys Hill, packaged in the color coded balloons.

Id. at 2-3.

At the plea hearing, defendant acknowledged understanding that there was no limit to the information the court could consider, "provided the information was reliable and this includes relevant information related to any counts against you to which you have not plead guilty or been convicted." Plea Tr. at 12. He further admitted using a telephone to try to obtain 19.2 grams of heroin while incarcerated at the United States Penitentiary at Leavenworth. Id. at 19.

The presentence report listed the charges against all the defendants including the two conspiracy counts against defendant: conspiracy to smuggle a controlled substance into the prison and conspiracy to attempt to possess with the intent to distribute approximately 19.2 grams of heroin. The report further outlined the offense conduct, including the telephone calls which had alerted authorities to the scheme and the particular inmates involved, and the interception of the heroin before it reached the prisoners. With several exceptions that did not impact the guideline calculations, defendant did not challenge the factual

-4-

recitation in the report, nor did he challenge the base offense level computation. Rather, he challenged the addition of the specific offense characteristic of two points under USSG § 2D1.1(b)(3) "[i]f the object of the offense was the distribution of a controlled substance in a prison . . . ."

The district court must consider all relevant conduct at sentencing. See United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993). Relevant conduct "is pertinent to determining the base level offense level and the specific offense characteristics." United States v. McGee, 7 F.3d 1496, 1499 (10th Cir. 1993) (citing USSG § 1B1.3(a)(ii)). Moreover, the scope of that conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction." USSG § 1B1.3(a)(1)(B).

At the sentencing hearing, The FBI agent in charge of investigating crimes at Leavenworth testified at length to the acts of the various defendants, including numerous telephone calls, the value of the drugs involved, the method of payment used for prison drug trafficking (with the money trading hands on the outside), and the methods of determining which prisoners belong to which group. The agent further explained based on his experience and interviews with numerous other inmate drug smugglers, that the standard operating procedure was that a third of the amount would go to the person outside bringing the drugs in, a third

would belong to the prisoner, and a third would be sold. Sentencing Tr. at 21. The purpose of the conspiracy was to enable the prisoners to raise money to help care for their families on the outside. See id.

The district court recognized that the plea agreement itself had been modified by the defendant "in the sense that it reflects that the defendant wrote down that he intended to plead guilty to Count 9 as it relates to the possession of the 19.2 grams of heroin." Sentencing Tr. at 42-43. The court further noted, however, that in other sections of the plea agreement, defendant had acknowledged he would be subject to "the relevant conduct which is set out to include the other counts to which he's not pleading guilty to. Id. at 43; see also R. Vol. I, doc 76 (plea agreement) at 2 ("The government further states that Counts 1 through 8, and 10 of the Indictment filed March 2, 2000 will be dismissed at the time of sentencing, however, these counts will be included in the calculation of the Guideline range as relevant conduct."). Thus, even if defendant only pleaded guilty to using a communication facility to attempt to possess the drugs, the relevant conduct for sentencing purposes included the dismissed counts of conspiracy to possess with the intent to distribute and conspiracy to introduce contraband into the prison. The court further held that "the intent of the conspiracy to distribute the heroin within the prison is attributable to each defendant." Sentencing Tr. at 43. The court further found

that the evidence indicated defendant's awareness of the conspiracy and that defendant had taken affirmative steps in furtherance of the conspiracy.       Id. at 43-44.  Defendant does not challenge these findings.

The court further determined that "this was a jointly undertaken criminal activity involving defendant and several other individuals to smuggle heroin into the prison."   Id. at 44.  The court further found that defendant had assisted in the endeavor and "knew of this scheme and took affirmative steps to ensure heroin was brought into the prison."     Id.  The court concluded that even if defendant did not distribute (or intend to distribute) the heroin, he remained "responsible for the acts of others who are going to actually bring the drugs into the prison and distribute them to the defendant and other inmates involved in this conspiracy." Id. at 45.

Even if defendant was not intending to distribute heroin within the prison, he is responsible, under the principle of relevant conduct, for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B).  The district court's findings on forseeability are findings of fact reversible for clear error.       See United States v. Tagore , 158 F.3d 1124, 1127 (10th Cir. 1998).  We also "review the factual findings supporting the application of a particular Sentencing Guideline provision for clear error."   United States v. Lang   , 81 F.3d 955, 968 (10th Cir. 1996).

Having reviewed the sentencing transcript, including the FBI agent's testimony outlining the conspiracy and defendant's involvement, we conclude that the district court's application of the special offense characteristic for an offense having the objective of distributing a controlled substance within a prison is not clearly erroneous.

AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge