# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3042

_____

United States of America,      *
                                       *
       Appellee,                    *
                                       *    Appeal from the United States
      v.                            *    District Court for the
                                       *    Northern District of Iowa.
Tamara Jolene Miller,         *
                                       *
       Appellant.                  *

_____

Submitted: February 10, 2009
Filed: April 9, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

       Tamara Jolene Miller was convicted of weapons offenses, including being a felon in possession of firearms. The district court[1] applied a two-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(1)(A) for possession of three to seven firearms. Miller appeals the enhancement. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

      [1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

A jury convicted Miller of possessing an unregistered sawed-off shotgun; possessing the sawed-off shotgun and a handgun, both with obliterated serial numbers; and being a felon in possession of both guns. Before trial, the Bureau of Alcohol, Tobacco, Firearms and Explosives discovered that five other firearms were held at Miller's direction by two brothers – one of whom was arrested with Miller when the shotgun and handgun were discovered. The brothers took possession of the five other guns in early 2007. Before then, they were held by another friend of Miller's. Miller asked the brothers to take the guns from the friend; she did not handle the guns during the transfer.

At sentencing, an ATF agent testified about seizing the guns, which originally belonged to Miller's father. The brothers understood they were holding the guns for Miller. The brothers said that the guns were there "essentially to be passed along to [Miller's] son when he became old enough." One brother expressed interest in buying one of the guns from Miller. The guns were in a locked cabinet at the brothers' house; the key to the cabinet was also there. Before giving the guns to the ATF agent, one brother asked to call Miller (but surrendered the guns without calling her). The district court found by a preponderance of the evidence that Miller constructively possessed between three and seven firearms while a felon.

This court reviews the district court's interpretation of the Sentencing Guidelines de novo, and its application of the Guidelines to the facts for clear error. *United States v. Rollins*, 552 F.3d 739, 742 (8th Cir. 2009).

Miller argues the district court erred in finding she constructively possessed the five guns because her directions did not amount to the type of control required for an enhancement under U.S.S.G. § 2K2.1(b)(1)(A). Miller is eligible for this enhancement if she possessed a firearm in violation of 18 U.S.C. § 922(g), the statute banning possession of firearms by felons. *See United States v. Pate*, 518 F.3d 972, 974-78 (8th Cir. 2008). "A conviction for violating § 922(g) may be based on

constructive or joint possession of the firearm." ***United States v. Boykin***, 986 F.2d 270, 274 (8th Cir. 1993), *citing **United States v. Woodall***, 938 F.2d 834, 837-38 (8th Cir. 1991). Constructive possession of the firearm is established if the person has control, ownership, or dominion over the firearm. ***Id.***

Miller had sufficient control, ownership, and dominion over the firearms for them to be considered in her possession under U.S.S.G. § 2K2.1(b)(1)(A). Miller arranged for the transfer of the guns to the brothers. The brothers considered the guns to be Miller's and not theirs. One brother wanted to call Miller before giving the firearms to the ATF agent, and the other desired to purchase one of the guns from her. Possession exercised through another is still possession: a felon may not "have the firearms held in trust for him by a third party." ***United States v. Felici***, 208 F.3d 667, 670 (8th Cir. 2000); *cf. **United States v. Bagley***, 899 F.2d 707, 708 (8th Cir. 1990) (felon may not receive proceeds from sale of seized firearms).

Miller maintains that the guns were held not for her, but for her son. She points out that *Felici* states only that a felon may not "have the firearms held in trust *for him*." ***Felici***, 208 F.3d at 670 (emphasis added). In this case, Miller, a felon since 2004, had the guns held by her friend and the brothers at her direction and for her benefit. On this record, the district court did not clearly err in its finding, based on the testimony it believed, that the guns were "in the constructive possession of Ms. Miller at the time she was a felon."[2]

The judgment is affirmed.

_____

[2]On the facts here, this court need not address the possibility of a trust (or other conveyance to a third party) of firearms, where the felon relinquishes control, ownership, and dominion over the firearms.