FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTIAN MATTHEW COLE,

Defendant - Appellant.

No. 24-8060
(D.C. No. 1:24-CR-00035-NDF-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HOLMES**, Chief Judge, **McHUGH**, and **FEDERICO**, Circuit Judges.[**]

_____

Christian Cole pleaded guilty to drug trafficking offenses in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846. The district court varied

downward, sentencing Mr. Cole to 240 months in prison. On appeal, he challenges

(1) the district court's application of a two-level enhancement under U.S. Sentencing

Guidelines Manual ("U.S.S.G.") § 2D1.1(b)(4), (2) the procedural reasonableness of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

his sentence, and (3) the substantive reasonableness of his sentence.  Exercising

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm**.

**I**

First, we set out the underlying facts and procedural history.  After that, we lay

out the relevant legal standards.  We then analyze each issue presented by Mr. Cole

on appeal.  After explaining why each of Mr. Cole's arguments is unpersuasive, we

conclude by affirming his sentence.

**A**

Because Mr. Cole does not dispute the factual account of his offense conduct

that the Presentence Report ("PSR") details, our summary of the relevant factual

background is based on the PSR.

In early 2024, multiple confidential sources told law enforcement that Mr.

Cole was transporting narcotics from Colorado to Wyoming.  Specifically, each

source said Mr. Cole trafficked methamphetamine and fentanyl.  Based on these

combined tips, law enforcement knew where Mr. Cole lived, what type of vehicles he

drove, the location of his drug supply and money, and when Mr. Cole was in town.

Law enforcement also learned additional details about Mr. Cole from an inmate at a

local detention facility.  She told them that Mr. Cole had provided her drugs while

she was in custody.

A confidential source told law enforcement that Mr. Cole was in town (i.e.,

Casper, Wyoming).  This individual knew Mr. Cole had just returned to Casper from

Denver (where he had assaulted someone).[1]  A few days later, this same source told law enforcement that Mr. Cole was staying in Room 133 of the Motel 6.

Law enforcement confirmed Mr. Cole was staying at the Motel 6 after observing a silver Mercedes—matching the description of the one Mr. Cole was known to drive—parked there.  The next day, law enforcement began surveillance at the Motel 6.  Around 11:00 a.m., Mr. Cole was seen leaving his room and getting into the Mercedes with another individual.  At this point, Casper police, in a marked patrol car, attempted to stop the vehicle—but the driver sped away.

A chase ensued.  Eventually, Wyoming Highway Patrol disabled the vehicle by performing a tactical vehicle intervention.  Thereafter, Mr. Cole fled on foot, but he was quickly located and placed in custody.  The search incident to Mr. Cole's arrest uncovered approximately 1.9 grams of methamphetamine.

After Mr. Cole's arrest, law enforcement applied for (and obtained) search warrants for both the Mercedes and the motel room.  The searches revealed pay sheets, 94 grams of methamphetamine, drug paraphernalia, and a BB gun covered in blood.

---

[1]    While in Denver, Mr. Cole assaulted Keiichi Hiramatsu.  Mr. Cole admitted to pistol-whipping the victim in a recorded jail call with his girlfriend.  Mr. Cole made similar admissions about the assault to another individual in a second recorded jail call.

Later that day, Mr. Cole was interviewed. He admitted to moving a lot of narcotics—explaining he deals in pounds and boats.[2]

## B

## 1

On March 13, 2024, Mr. Cole was indicted for (1) conspiracy to distribute methamphetamine and fentanyl, and (2) possession with intent to distribute 50 grams or more of methamphetamine.

A few months later, Mr. Cole chose to plead guilty without a plea agreement. After the change of plea hearing, the district court (1) docketed sentencing for August 22, 2024, and (2) ordered the preparation of a PSR.

## 2

Thereafter, the United States Probation Office prepared a PSR.[3] Based on the drug quantities, the PSR assigned to Mr. Cole a base offense level of 34. Enhancements were then added for (1) possessing a dangerous weapon, (2) using violence, and (3) distributing a controlled substance in a detention facility. Another enhancement was applied for obstruction of justice. As a result of these four enhancements, Mr. Cole's adjusted offense level was 42. Mr. Cole then received a

---

[2]    A "boat" is 1,000 fentanyl pills. *See United States v. Hardy*, 149 F.4th 1153, 1163 (10th Cir. 2025).

[3]    In preparing the PSR, the U.S. Probation Office relied on the 2023 edition of the Guidelines. We do the same. *See United States v. Ellis*, 23 F.4th 1228, 1233 n.4 (10th Cir. 2022).

three-point reduction for acceptance of responsibility, bringing his total offense level to 39.  The U.S. Probation Office then determined Mr. Cole's criminal history score was 11, placing him in a criminal history category V.  In the initial PSR, Mr. Cole's Guidelines range was 360–480 months.

Defense counsel objected, in writing, to the application of the obstruction enhancement under U.S.S.G. § 3C1.2.  The U.S. Probation Office agreed that the obstruction enhancement did not apply and issued a revised PSR.  Mr. Cole's Guidelines range in the revised PSR was 324–405 months' imprisonment—based upon a total offense level of 37 and a criminal history category of V.

**3**

At sentencing, neither party voiced any objections to the revised PSR.  As such, the district court accepted the revised PSR as its findings of fact.  After that, the district court went through the revised PSR's Guidelines calculations line-by-line.  In summary, the district court first discussed the base offense level.  Then, the district court noted the three un-objected to enhancements.  After the offense calculation, the district court detailed Mr. Cole's criminal history—explaining which convictions counted towards his criminal history score (which formed the basis for his criminal history category).

Prior to hearing the lawyers' arguments, the district court asked (for a second time), if there were any corrections or objections.  Counsel did not voice any.

During argument, Mr. Cole asked for a downward variance, from the Guidelines range of 324–405 months, to 144 months' imprisonment.  This request

mirrored his sentencing memorandum.  The government, by contrast, asked for a low-end Guidelines sentence.

Prior to imposing the sentence, the district court noted Mr. Cole's mental health and substance abuse struggles.  The district court then highlighted: (1) the "pain and suffering" resulting from Mr. Cole's drug distribution, (2) Mr. Cole's extensive criminal history, (3) the fact that Mr. Cole "has . . . frittered away . . . chance after chance after chance," (4) "[t]he chilling and disturbing beating" of Keiichi Hiramatsu, (5) the "larger picture of sentencing results," (6) the seriousness of the offense, and (7) the need to avoid sentencing disparities.  R., Vol. III, at 64–67.

Ultimately, the district court varied downward three levels and sentenced Mr. Cole to concurrent terms of 240 months on the two counts.  Judgment was entered the same day.

This appeal followed.

## II

Before assessing the merits of Mr. Cole's arguments, we first lay out the relevant standards of review.

## A

"[W]e review a district court's legal interpretation of the Guidelines de novo and its factual findings for clear error."  *United States v. Smith*, 534 F.3d 1211, 1226 (10th Cir. 2008).  Mr. Cole admits that he did not preserve his first sentencing challenge in the district court.  Consequently, reasons Mr. Cole, "the challenge to the

6

enhancement is reviewed for plain error." Aplt.'s Opening Br. at 10 (citing *United States v. Marquez*, 833 F.3d 1217, 1221 (10th Cir. 2016)). We assume without deciding that Mr. Cole's assessment of the preservation question is correct.[4]

To succeed under plain error review, Mr. Cole "must show '(1) error, (2) that is plain [i.e., clear or obvious], which (3) affects his substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Dermen*, 143 F.4th 1148, 1205 (10th Cir. 2025) (alteration in original) (quoting *United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1260 (10th Cir. 2020)). This is a "rigorous" and "demanding" standard. *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th Cir. 2014) (first quoting *United States*

---

[4]    To be sure, the government contends that Mr. Cole waived this issue by "affirmatively agree[ing] with the application of the enhancement under § 2D1.1(b)(4)." Aplee.'s Resp. Br. at 16. The government thus reasons that we should not review Mr. Cole's argument under the plain error standard; instead, the "waived issue should not be reviewed at all." *Id.* at 17. Mr. Cole counters, arguing "[t]here is no indication that [trial defense] counsel consciously chose to for[]go [this specific] argument." Aplt.'s Reply Br. at 6. In particular, relying on *United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008), Mr. Cole posits that counsel "failed to recognize that the legal argument could be made"; accordingly, he reasons that the argument is forfeited (i.e., subject to plain error review), not waived. Aplt.'s Reply Br. at 6. Because we conclude that Mr. Cole's § 2D1.1(b)(4) argument cannot "successfully run the gauntlet created by our rigorous plain-error standard of review," *United States v. McGehee*, 672 F.3d 860, 876 (10th Cir. 2012), irrespective of whether the argument is properly classified as waived or forfeited, the outcome will be the same—*viz.*, Mr. Cole's § 2D1.1(b)(4) challenge fails. Thus, we need not assess the propriety of the government's waiver contention. We simply assume without deciding that Mr. Cole's argument is forfeited and subject to plain error review.

*v. Bader*, 678 F.3d 858, 894 n.24 (10th Cir. 2012); then quoting *United States v. McGehee*, 672 F.3d 860, 876 (10th Cir. 2012)).

**B**

As for Mr. Cole's second and third challenges, we review both the procedural and substantive reasonableness of a district court's sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Patton*, 927 F.3d 1087, 1093 (10th Cir. 2019) ("We review a sentence's procedural and substantive reasonableness for abuse of discretion."). Specifically, "[o]ur appellate review for reasonableness includes both a procedural component, encompassing *the method* by which a sentence was calculated, as well as a substantive component, which relates to *the length* of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008) (emphases added).

A procedural error occurs if the district court "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, . . . or fail[s] to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. A sentence is substantively unreasonable if it is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Lawless*, 979 F.3d 849, 855 (10th Cir. 2020) (quoting *United States v. Peña*, 963 F.3d 1016, 1024 (10th Cir. 2020)). This "occurs when the [district] court imposes a sentence that does not fairly reflect the relevant sentencing factors or circumstances of the defendant." *United States v. Maldonado-Passage*, 56 F.4th 830, 842 (10th Cir. 2022).

Review for procedural and substantive reasonableness overlap when, as here, the "challenge is based on the district court's explanation of the § 3553(a) factors." *United States v. Crosby*, 119 F.4th 1239, 1248 (10th Cir. 2024); *see United States v. Barnes*, 890 F.3d 910, 917 (10th Cir. 2018) (observing there is "some unavoidable overlap" between procedural and substantive reasonableness). In this case, Mr. Cole's reasonableness challenges focus exclusively on the sentence disparity factor in § 3553(a)(6).

### III

With these standards in mind, we now turn our attention to the legal questions presented in this case—specifically, whether the district court (1) plainly erred in applying the sentencing enhancement or (2) abused its discretion in explaining or imposing the 240-month sentence. As for the former, Mr. Cole argues "[t]he district court erred when i[t] added two levels" under U.S.S.G. § 2D1.1(b)(4) for "distribution of a controlled substance in a detention facility." Aplt.'s Opening Br. at 9. As to the latter set of alleged errors, procedurally, he argues the district court erred when it "failed to fully consider the disparity in sentences" between himself "and other similarly situated defendants within the District of Wyoming." *Id.* at 21. And, substantively, Mr. Cole says that the "sentence length" is unreasonable in light of § 3553(a)(6). *Id.* at 22.

We reject each argument in turn.

**A**

Mr. Cole argues that although he "distributed [drugs] in a detention facility, the object of the offense was not the distribution of a controlled substance in a detention center [so] the application of this enhancement is in error." Aplt.'s Opening Br. at 10 (emphasis omitted). However, having failed to object to the district court's imposition of this § 2D1.1(b)(4) enhancement, as noted, Mr. Cole is subject to the plain error standard. And we conclude that Mr. Cole's challenge fails because he cannot satisfy the second prong of that standard—that is, he cannot demonstrate that any error (which we only assume here) is plain.

"An error is 'plain' if it is 'clear or obvious' under 'current, well-settled law.'" *United States v. Thornburgh*, 645 F.3d 1197, 1208 (10th Cir. 2011) (quoting *United States v. Whitney*, 229 F.3d 1296, 1308–09 (10th Cir. 2000)). Ordinarily, "for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." *Id.* (quoting *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003)). However, there are no Supreme Court or Tenth Circuit precedential[5] cases directly addressing what qualifies as "the object of the offense" under U.S.S.G. § 2D1.1(b)(4). On top of that, our sister circuits are not in agreement

---

[5] To be sure, we have twice before issued nonprecedential panel decisions discussing the application of this enhancement. *See United States v. Ruelas*, 18 F. App'x 759, 761–62 (10th Cir. 2001); *United States v. Wells*, 221 F.3d 1354, 2000 WL 1055528, at *1–2 (10th Cir. 2000) (unpublished table decision). However, in addition to not being controlling law, neither decision delineates the outer bounds of the enhancement's reach. Rather, both cases simply affirmed the application of the enhancement in short order.

on whether an argument like Mr. Cole's argument reflects a correct understanding of the scope of the enhancement.[6]

When, as here, there is no controlling precedent and "the authority in other circuits is split," we "cannot find plain error." *United States v. Teague*, 443 F.3d 1310, 1319 (10th Cir. 2006). Specifically, there is no well-settled law from which we can conclude that any error by the district court in imposing the § 2D1.1(b)(4) enhancement was clear or obvious. Because the "error was not clear or obvious at prong two," Mr. Cole "has not carried his burden under the plain-error framework," meaning we can affirm the district court's "sentencing judgment without . . . address[ing] the remaining two plain-error prongs." *United States v. Berryhill*, 140 F.4th 1287, 1293 (10th Cir. 2025).

**B**

On appeal, Mr. Cole challenges both the procedural and substantive reasonableness of his sentence. Specifically, he contends:

---

[6]    In a fact-bound ruling, the Fourth Circuit held the enhancement does not apply to in-prison drug distribution that is unrelated to the defendant's underlying conviction. *See United States v. Dugger*, 485 F.3d 236, 241 (4th Cir. 2007). A panel of the Sixth Circuit reached the same conclusion in *United States v. Robinson*, 2024 WL 4215675, at *3–4 (6th Cir. Sept. 17, 2024) (unpublished). By contrast, several other courts of appeals—in precedential and non-precedential decisions—have rejected such a narrow reading of U.S.S.G. § 2D1.1(b)(4). *See United States v. Vanderpool*, 566 F.3d 754, 757 (8th Cir. 2009) (requiring only "intent to distribute a controlled substance in a correctional facility"); *see also United States v. Carlton*, 593 F. App'x 346, 348 (5th Cir. 2014) (rejecting a "narrow construction" of the enhancement); *United States v. Wallis*, 630 F. App'x 664, 670 (9th Cir. 2015) (upholding the enhancement's application when drug distribution into prison was "one object" of the conspiracy).

The District Court made a procedural err[or] when it failed to fully consider the disparity in sentences between the Appellant Christian Cole and other similarly situated defendants within the District of Wyoming. It made a substantive err[or] in determining the sentence given the totality of circumstances, including the prior sentences of similarly situated defendants within the District of Wyoming.

Aplt.'s Opening Br. at at 21–22. Neither of Mr. Cole's arguments has merit.

### 1

Regarding procedural reasonableness, Mr. Cole contends the district court failed to consider lesser sentences given in the District of Wyoming for similar conduct. The government argues the district court was correct in concluding the "three cherrypicked cases from within the District of Wyoming" were unpersuasive. Aplee.'s Resp. Br. at 27.

We agree with the government for two reasons.

First, the district court could not have committed reversible error by failing to adequately consider sentences imposed in the District of Wyoming. The tacit premise of Mr. Cole's procedural argument is that the district court did not adequately consider the § 3553(a) factor that expressly relates to disparities—that is, § 3553(a)(6). But the problem for Mr. Cole is that § 3553(a)(6)'s concern is *nationwide* sentencing disparities—not alleged disparities between sentences imposed on defendants in the same judicial district. *See, e.g.*, *United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008) ("[T]he purpose of the Guidelines is . . . to eliminate disparities among sentences *nationwide*." (emphasis added)).

Second, in any event, the district court adequately addressed why the sentences in the District of Wyoming cases that Mr. Cole identified did not militate in favor of a lesser sentence for him. The district court observed the need to "align[]" the sentence with the "larger picture of sentencing results." R., Vol. III, at 67. The district court described the nationwide sentencing data in the PSR as "much more informational" than the "select[ed] cases out of this district." *Id*. Thus, the record shows that the district court did not fail to consider the District of Wyoming cases that Mr. Cole identified. Indeed, the sentencing transcript makes clear that the district court engaged in "a holistic discussion of the § 3553(a) factors" as required. *Crosby*, 119 F.4th at 1252–53. The court simply found that the District of Wyoming cases that Mr. Cole identified were of limited utility in fashioning a sentence for him that avoided unwarranted disparities as § 3553(a)(6) required.

\* \* \*

For the foregoing reasons, we conclude that Mr. Cole's procedural reasonableness argument is without merit.

**2**

We now turn to Mr. Cole's final argument—*viz.*, that the sentence imposed was substantively unreasonable. In Mr. Cole's view, in crafting the length of his sentence, the district court did not give sufficient weight to the sentences of similarly situated drug traffickers in the District of Wyoming. Like his procedural reasonableness argument, Mr. Cole's substantive reasonableness argument lacks force.

We again highlight that § 3553(a)(6) is concerned with national—not intra-district—disparities.  Mr. Cole's argument misunderstands § 3553(a)(6).  A district court is required "to take into account . . . disparities nationwide among defendants with similar records and Guideline calculations."  *United States v. Guevara-Lopez*, 147 F.4th 1174, 1187 (10th Cir. 2025) (quoting *United States v. Martinez*, 610 F.3d 1216, 1228 (10th Cir. 2010)).  In contrast, we have never held a district court is required to give weight to intra-district sentences.  *See United States v. Adams*, 751 F.3d 1175, 1183 (10th Cir. 2014) (explaining "§ 3553(a)(6) requires a judge to take into account 'only disparities *nationwide* among defendants with similar records and Guideline calculations'" (quoting *United States v. Damato*, 672 F.3d 832, 848 (10th Cir. 2012))); *see also United States v. Velazquez-Aguilera*, 842 F. App'x 286, 290–91 (10th Cir. 2021) ("[S]entencing courts . . . are not required to [deviate from the Guidelines] simply because other judges in the same district have.");[7] *United States v. Bradley*, 897 F.3d 779, 785–86 (6th Cir. 2018) (noting § 3553(a)(6) is not concerned with "intra-district sentence disparities").

Furthermore, in material respects, Mr. Cole was not similarly situated to his proposed comparators. Two of the three defendants' sentences that Mr. Cole relied on were the product of Rule 11(c)(1)(C) plea agreements.  That those defendants' sentences followed a "plea bargain" means they are necessarily "not similarly

---

[7]    "We deem the reasoning of the unpublished decisions cited herein to be persuasive and instructive. We do not accord them controlling weight and recognize that they are not binding on us." *Ellis*, 23 F.4th at 1238 n.6.

situated" to Mr. Cole. In this regard, recall that, far from agreeing to a specific sentence in a plea agreement with the government under Rule 11(c)(1)(C), Mr. Cole pleaded guilty without a plea agreement. Accordingly, after accepting Mr. Cole's plea, the court could exercise its sentencing judgment freely, subject to the broad parameters of § 3553(a)—not the specifics of an agreement of the parties. Furthermore, on top of that, Mr. Cole was assigned a criminal history category of V, and one of his ostensible comparators was only "assigned Criminal History Category 2." R., Vol. II, at 73. In short, the district court would not have abused its discretion in finding that the sentences of Mr. Cole's ostensible comparators (even if they were relevant) did not significantly militate in favor of a lesser sentence for Mr. Cole because "any disparity in their sentences is explicable." *United States v. Gallegos*, 129 F.3d 1140, 1144 (10th Cir. 1997); *see also United States v. St. Julian*, 966 F.2d 564, 570 (10th Cir. 1992) (noting that "similarly situated" focuses on "offense level and criminal history category"); *see also United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) ("A well-founded claim of disparity . . . assumes that apples are being compared to apples." (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005))).

Moreover, a below-Guidelines sentence—such as the one Mr. Cole received—is entitled to a "rebuttable presumption of reasonableness" when "challenged by the defendant as unreasonably harsh." *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). Although it is not impossible to succeed on a substantive reasonableness challenge to a below-Guidelines sentence, defendants who seek to do

15

so bear a heavy burden. *See United States v. Carter*, 941 F.3d 954, 961 (10th Cir. 2019) ("A sentence below a correctly calculated advisory guidelines range is presumed to be reasonable in a challenge brought by a defendant, and the defendant faces a hefty burden to rebut the presumption of reasonableness in this context." (citation omitted)). Indeed, a downwardly variant sentence "warrants even greater deference." *Id.*

In this case, the district court varied downward—but not as much as Mr. Cole asked. The record shows, plainly, that the district court weighed (1) the nature and circumstances of the offense and the history and characteristics of Mr. Cole, (2) the seriousness of the offense, (3) the need to afford adequate deterrence, (4) the need to protect the public, and, most notably, (5) the need to avoid unwarranted sentence disparities. More specifically, when discussing disparities, the district court indicated the three in-district examples were not as persuasive as the broader sentencing data.

Although Mr. Cole disagrees with the district court's weighing of the sentencing factors, particularly § 3553(a)(6), without more, such a disagreement is not sufficient to warrant relief. We, as an appellate court, do not second-guess "the weight a district court assigns to various § 3553(a) factors." *Smart*, 518 F.3d at 808.

* * *

We hold that Mr. Cole's downwardly variant sentence of 240 months' imprisonment is substantively reasonable in light of the factors set forth in § 3553(a), as applied to the present facts.

16

\* \* \*

To summarize, the sentence imposed is both procedurally and substantively reasonable. First, the Guidelines range was properly calculated. Second, the district court's explanation for the sentence was more than adequate. Third, the below-Guidelines sentence imposed reflects a thorough consideration and weighing of the § 3553(a) factors. Finally, consistent with our precedent, we apply a rebuttable presumption of reasonableness to Mr. Cole's below-Guidelines sentence and conclude he cannot overcome this presumption.

## IV

For the foregoing reasons, we **AFFIRM** the district court's sentencing judgment.

Entered for the Court

Jerome A. Holmes
Chief Judge